J-S05044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF S.N.L., A MINOR CHILD, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: E.L., NATURAL FATHER, | |
| Appellant | No. 1646 WDA 2014 |

Appeal from the Decree September 22, 2014
In the Court of Common Pleas of Fayette County
Orphans' Court at No(s): 18 ADOPT 2014

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

CONCURRING MEMORANDUM BY SHOGAN, J.:     **FILED APRIL 06, 2015**

I agree that the record supports the orphans' court's involuntary termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1). I write separately to note my position that despite Father's failure to challenge the trial court's conclusion under section 2511(b), such review is necessary, if not compelled.

In **In re Adoption of C.L.G.**, 956 A.2d 999 (Pa. Super. 2008) (*en banc*), this Court noted that the appellant did not challenge the trial court's analysis of 23 Pa.C.S. § 2511(b).  Nonetheless, the **C.L.G.** Majority proceeded to address the issue.  **Id**. at 1010.  The dissent noted its agreement with the Majority "that consideration of the needs and welfare of the child is mandated by section 2511(b) in all termination cases even when

not challenged on appeal to this Court." *Id*. at 1014 n.6 (Bender, P.J.E., dissenting). While there may be panel decisions of this Court that choose not to address subpart (b), as cited by the Majority herein, Majority Memorandum at 5 n.1, in my view the *en banc* **C.L.G.** decision dictates otherwise. As we stated recently, "This Court must agree with only one subsection of 23 Pa.C.S.A. § 2511(a), **in addition to subsection 2511(b), in order to affirm the termination of parental rights**." *In re I.E.P.*, 87 A.3d 340, 344 (Pa. Super. 2014) (emphasis added). It goes without saying that we cannot express our agreement with subsection (b), if we do not conduct a review of it.

As to the merits of the issue, herein the orphans' court has included only three sentences revealing, *sub silentio*, that it evaluated whether termination of Father's parental rights would best serve the needs and welfare of Child. Orphans' Court Opinion, 10/24/14, at 7. We review the record in order to determine whether we agree with the orphans' court.

In reviewing the evidence in support of termination under section 2511(b), our Supreme Court stated as follows:

> [I]f the grounds for termination under subsection (a) are met, a court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S. § 2511(b). The emotional needs and welfare of the child have been properly interpreted to include "intangibles such as love, comfort, security, and stability." *In re K.M.*, 53 A.3d 781, 791 (Pa. Super. 2012). In *In re E.M.*, [620 A.2d 481, 485 (Pa. 1993)], this Court held that the determination of the child's "needs and welfare" requires consideration of the emotional bonds between the parent and child. The "utmost attention"

should be paid to discerning the effect on the child of permanently severing the parental bond. *In re K.M.*, 53 A.3d at 791.

*In re: T.S.M.*, 71 A.3d 251, 267 (Pa. 2013).

This six and one-half-year-old child was only one year old when she last had contact with Father, who has been incarcerated most of Child's young life. N.T., 9/16/14, at 14–16. She clearly has no bond with Father. To the extent that Father now wishes to have an opportunity to bond with the Child, this Court has held, "The court cannot and will not subordinate indefinitely a child's need for permanence and stability to a parent's claims of progress and hope for the future." *In re Adoption of R.J.S.*, 901 A.2d 502, 513 (Pa. Super 2006). *See also Adoption of C.L.G.*, 956 A.2d at 1007 (child's life will not be put on hold in hope that parent will assume responsibilities of parenting). Moreover, Mother and Fiancé have been the sole caregivers for Child, and it is they who have been meeting Child's needs. The competent evidence in the record supports the orphans' court's conclusion that no bond exists between Father and Child that would be harmed by the termination of Father's parental rights, and that termination would serve Child's needs and welfare.

Thus, because I would conclude that the orphans' court did not abuse its discretion in terminating Father's parental rights pursuant to 23 Pa.C.S. 2511(a)(1) and (b), I would affirm the decree; thus I concur.